UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IVAN ESCOBAR ROMERO,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-03288-DAD-AC

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR PRELIMINARY INJUNCTION AS MOOT

(Doc. Nos 1, 3.)

On April 29, 2026, petitioner Ivan Escobar Romero, A-File No. 204-437-685, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner also filed a motion for preliminary injunction requesting his immediate release. (Doc. No. 3.) Also, on April 29, 2026, the court set a briefing schedule as to petitioner's motion for preliminary injunction and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several prior cases decided by this court, including *Anderson v. Chestnut*, No. 1:26-cv-01960-DAD-CKD, 2026 WL 809990 (E.D. Cal. Mar. 24, 2026). (Doc. No. 7.)

On May 1, 2026, respondents filed an opposition to the motion for preliminary injunction. (Doc. No. 9.) In that opposition, respondents argue in pertinent part that petitioner is detained

1

pursuant to 8 U.S.C. § 1225(b)(2) (*id.* at 1–2), an argument which the undersigned has rejected on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Respondents state also in their opposition that they do not oppose resolving the underlying petition for writ of habeas corpus on the current briefing before the court. (Doc. No. 8 at 1.) Finally, respondents concede that "there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the Order." (*Id.*)

Based upon a review of the briefing, the court finds the following facts. Petitioner entered the United States in 1991, when he was less than two years old. (Doc. No. 1-1 at 8.) Petitioner was granted Deferred Action for Childhood Arrivals ("DACA") in 2013 and consistently renewed his DACA grant through early 2025. (*Id.* at 8–9.) On March 27, 2025, petitioner's request to renew his DACA grant was denied. (*Id.* at 9.) Petitioner was detained by immigration authorities on May 6, 2025 without a warrant and without an opportunity to be heard regarding the reason for his detention. (*Id.*)

Given that respondents have conceded that this case is not substantively distinguishable from *Anderson*, 2026 WL 809990, the court incorporates and adopts the reasoning set forth in that order and concludes that petitioner's detention absent a pre-detention bond hearing where respondents would bear the burden to show that petitioner is either a flight risk or a danger to the community violated due process.

For the reasons above,

1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.    Respondents are ORDERED to immediately release petitioner Ivan Escobar Romero, A-File No. 204-437-685, from respondents' custody;

/////

/////

/////

/////

2

b.      Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden to demonstrate by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

c.      Petitioner's request for attorney's fees and costs pursuant to 28 U.S.C. § 2412 is DENIED without prejudice to bringing a properly noticed and supported motion;

2.      Petitioner's motion for a preliminary injunction (Doc. No. 3) is hereby DENIED as having been rendered moot in light of this order granting his petition for habeas relief on the merits;

3.      The Clerk of the Court is directed to serve a copy of this order on the California City Detention Center; and

4.      The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **May 5, 2026**                          _Dale A. Drozd_
                                        DALE A. DROZD
                                        UNITED STATES DISTRICT JUDGE

3